**FILED**

**April 4, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:15 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Brenda Nowman, | ) | Docket No. 2016-06-1944 |
|    Employee, | ) | |
| v. | ) | |
| Gap, Inc., | ) | State File No. 61440-2016 |
|    Employer, | ) | |
| And | ) | |
| Safety National Casualty Corp., | ) | Judge Kenneth M. Switzer |
|    Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

This case came before the undersigned Workers' Compensation Judge on March 29, 2017, on Ms. Nowman's Request for Expedited Hearing. The present focus of this case is her entitlement to medical and temporary disability benefits. Gap, Inc. asserted she failed to provide adequate notice and she did not sustain an injury arising primarily out of and in the course and scope of employment. For the reasons set forth below, the Court finds she is not likely to prevail at a hearing on the merits that she gave sufficient notice of an incident resulting in injury that occurred at work or that she suffered an injury as defined in the Workers' Compensation Law. Accordingly, her request for benefits is denied.

### History of Claim

Ms. Nowman worked at Gap as a merchandise handler. She testified that on May 26, 2016, at approximately 7 p.m., she reached over to her left side to grab a box to scan when she felt a sharp pain in her low back that brought her to her knees for five to ten minutes.[1] She walked to the office and spoke with her supervisor, Eddie Whitehead, and told him, "I'm in pain, [and] that I needed to go to the E.R. He then said, 'OK. I hope

---

[1] Although Ms. Nowman listed the date of injury on her Petition for Benefit Determination as May 25, 2016, she insisted at the Expedited Hearing that the actual date of injury is May 26, 2016. The emergency room records from Sumner Regional Medical Center stated the date of service as May 25, 2016, time 10:02 p.m. The Court finds the date of injury is May 25, 2016.

1

you feel better,' and turned around and walked out." Ms. Nowman's affidavit contains similar statements regarding the mechanism of injury and the manner in which she notified her supervisor. Ms. Nowman acknowledged she did not tell him her pain related to a work event. She further acknowledged an understanding that Gap's policy is to report work injuries "the day of or the day after," as contained in Gap's employee handbook. Mr. Whitehead did not testify.

Ms. Nowman sought treatment at Sumner Regional Medical Center later that evening, where providers noted, in part:

> The patient presents with pain that appears to be acute on chronic. The symptoms are located in the low back. Onset: the symptoms/episode began/occurred one year ago when the patient fractured her coccyx. She states that the pain began gradually increasing one month ago and became even worse today after pushing and pulling on boxes. . . . The problem was sustained from a chronic condition.

The notes further document provider's impression as "low-back back, problem is an acute exacerbation," but are silent regarding excusing Ms. Nowman from work or restricting her work abilities. (Ex. 2 at 33-35.)

Mitchell Spivey, Gap's Human Resources Manager, testified that Ms. Nowman came to him on May 26 and provided an off-work slip from the hospital, but no one offered the slip into evidence.[2] According to Mr. Spivey, Ms. Nowman "did not say she injured herself" at that time, and they arranged for paid time off for the next few days. Mr. Spivey spoke with her again after a May 31 visit with her primary care physician. He maintained Ms. Nowman did not state in either conversation that she suffered a workers' compensation claim and that if she had, he would have followed a different procedure. Tiffany Brawner, Gap's Campus Safety Leader, who manages the initial stages of workers' compensation claims, similarly testified that Gap's process for work accidents is distinct from when an employee reports a non-work-related health condition, which may or may not be documented.

After the emergency room treatment, Ms. Newman followed up with her primary care physician, Dr. John Taylor, with a series of office visits over the next two months.

---

[2] Gap filed a Motion to Amend Witness List before the Expedited Hearing to allow Mr. Spivey to testify although Gap did not identify him as a potential witness in its March 15 Witness List. Gap argued his testimony was necessary because Ms. Nowman testified in her deposition that she gave notice of her work injury to Mr. Spivey. Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(b) (2016) requires a party opposing a hearing request to list witnesses it intends to call at an expedited hearing. Subsection (c) further states that witnesses not disclosed in accordance with the rule "will not be considered unless good cause is shown as to why the evidence/witness was not disclosed." The Court found good cause and granted Gap's motion.

*Id.* at 47-55. At the May 31 initial visit, the note states that she complained of "low-back pain for 5 days new onset[.] . . . Started while she was working at GAP last Thursday." Dr. Taylor wrote a letter stating she "was seen in the office today [and] was found to have a back injury with muscle spasm and sacroiliitis of the right side." The letter excused Ms. Nowman from work through June 3 but did not state that the injury related to work. *Id.* at 70. During subsequent visits, Dr. Taylor referred Ms. Nowman to physical therapy, completed FMLA papers, placed her on restrictions, and finally recommended she consult a back specialist.

At some point in early June, Ms. Nowman began short-term disability leave. Neither party moved into evidence a copy of her application. Ms. Nowman was unable to recall if she certified on the application whether she indicated the injury was work-related. She testified that at some point, she spoke with "Chelsea" in Human Resources at Gap, who told her that, "I can't do both – I can't do short-term disability and also workmen's comp, so I chose workmen's comp."

According to Mr. Spivey, Ms. Nowman contacted Gap on August 2 to request a referral to a back specialist as recommended by Dr. Taylor. Ms. Nowman testified she did not recall that conversation. At that time, an unidentified Gap employee prepared an "Accident/Incident Investigation Report," which Gap attempted to introduce into evidence through Ms. Brawner's testimony, but could not establish the business-record exception to the hearsay rule.

As a result of Ms. Nowman's contact on August 2, Ms. Brawner offered a panel, and Ms. Nowman selected Family Health Care of Gallatin. Ms. Nowman saw Susan Anderson, FNP on August 4. Gap sought to introduce medical records from this visit into evidence, but the Court ruled they are inadmissible because they did not bear a physician's signature nor were they accompanied by a certification from the physician or records custodian that they are true and accurate. *See* Tenn. R. & Regs. 0800-02-21-.16(b) (2016). The Court, likewise, declined to admit a "check-the-box" causation letter from providers at Family Health Care, finding sufficient indicia to undermine the letter's reliability.

After the Family Health Care visit, Gap denied Ms. Nowman's claim on August 11. She has not returned to work at Gap.

During the hearing, Ms. Nowman repeatedly denied prior back problems. However, Gap identified several medical records indicating a history of emergency room and regular doctor visits for low-back complaints. (Ex. 2 at 10-32, 37-46.) The earliest record documents emergency care at Sumner Regional Medical Center in October 2013, stating, "[S]he was lying on her stomach at home with [sic] her 3-year-old fell onto her md back." The next record, from April 2014, states she presented to the E.R. "with complaints of Back Pain – no know [sic] injury, was drinking on Friday. . . . Unknown

3

is [how] she injured herself or fell, but she woke the next morning with pain in her low back and over her tailbone." Then in September 2015, Ms. Nowman returned to the emergency room "with pain in her tailbone after she twisted at work. She has history of coccyx fracture in the past." Ms. Nowman followed up with Dr. Taylor after the incident in 2015. Notes from an October 15, 2015 visit contain a history of her lifting a sixty-pound box at work followed by sharp back pain. Ms. Nowman either stated she did not recall these visits and/or insisted that some of these visits related to her "tailbone" only or her hip. She acknowledged that some of them were for back issues.

## Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Ms. Nowman, as the injured employee, has the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, she only has to come forward with sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits in order to meet her burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Resolution of the two central issues in this case (adequate notice and medical causation) requires that this Court make credibility determinations. The Tennessee Supreme Court gave indicia of witness credibility, so that trial courts consider whether a witness is "calm or agitated, at-ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." *Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014). In this case, this Court observed Ms. Nowman's demeanor and finds that, in addition to frequently being unable to recall critical events, she appeared agitated, nervous, hesitant, defensive and argumentative. She was generally not a credible witness.

Applying the general principles of burden of proof and assessing credibility to the facts of this case, the Court first considers whether she gave legally sufficient notice. The Workers' Compensation Law mandates that "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." Tenn. Code Ann. § 50-6-201(a)(1) (2015). The statute additionally provides that "[n]o compensation shall be payable . . . unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, *unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal* to which the claim for compensation may be presented." *Id.* (emphasis added).[3] The notice requirement contained in section 50-6-201 "exists so that the employer will have the opportunity to make a timely investigation of the facts while still readily accessible,

---

[3] For injuries occurring after July 1, 2016, the notice requirement is fifteen days rather than thirty.

and to enable the employer to provide timely and proper treatment for the injured employee." *Buckner v. Eaton Corp., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 84, at *6-7 (Nov. 9, 2016).

The credibility finding is significant to resolve the notice issue because Ms. Nowman did not provide written notice as the statute generally requires. Thus, the Court looks to whether Gap had actual notice and must discern this from the competing versions of conversations between Ms. Nowman and other Gap employees. By her own admission, Ms. Nowman did not tell Mr. Whitehead that she injured her back while reaching over to grab a box on May 25. Rather, she merely told him she was "in pain." The Court further accredits Mr. Spivey's testimony and finds that Ms. Nowman did not convey to him on May 26 or after May 31 that the work incident caused her back pain. It is also telling to this Court that Ms. Nowman admitted she "chose" workers' compensation over short-term disability. In sum, Ms. Nowman first told Gap her back pain was work-related on August 2, well past the timeframe required under the Workers' Compensation Law. Therefore, the Court holds at this time she is not likely to prevail at a hearing on the merits regarding notice and, accordingly, no benefits are payable under the statute.

As to the remaining issue in this case, Ms. Nowman disputed that she suffered preexisting back problems. She testified that she could not recall visits to the emergency room or Dr. Taylor complaining of low-back pain, or she attempted to characterize the visits as treatment only for her "tailbone" or hip. The Court finds her testimony was not credible and accredits the medical records themselves as persuasive proof that she had an approximate three-year history of low-back problems predating the alleged incident.

The Workers' Compensation Law requires that, for the Court to find Ms. Nowman sustained a compensable injury, she must show that she suffered an "injury by accident . . . arising primarily out of and in the course and scope of employment[.]" Tenn. Code Ann. § 50-6-102(14) (2016). She must further show that "the employment contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes," and this must be shown "to a reasonable degree of medical certainty." *Id.* at § 50-6-102(14)(B)-(C). Applying these standards, the Court concludes Ms. Nowman failed to demonstrate at this time that the employment is more than fifty percent responsible for her need for treatment, given her previous back problems, and that, other than noting the history she gave, the providers she saw after May 25, 2016, did not relate her condition to work.

Thus, the Court concludes she failed to demonstrate a likelihood of success at a hearing on the merits on the issues of adequate notice and medical causation, and therefore, at this time, the Court denies her requested relief.

**IT IS, THEREFORE, ORDERED** as follows:

5

1. Ms. Nowman's request for workers' compensation benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on May 22, 2017, at 8:30 a.m. Central. **You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your further participation.**

ENTERED this the 4th day of April, 2017.

Judge Kenneth M. Switzer
Court of Workers' Compensation Claims

## APPENDIX

Exhibits:
1. Ms. Nowman's Affidavit
2. Compilation Medical Records
3. First Report of Injury
4. Wage statement
5. C-42 Choice of Physician
6. Denial
7. Degenerative Disc Disease-Topic Overview
8. Facebook posts, March 17, September 18, 2015, October 2, 2015
9. Facebook post, September 11, 2016
10. Facebook post, September 15
11. Facebook posts, September 23, November 29, 2016, December 25, 2016
12. Family Health Care of Gallatin records (for identification only; includes causation letter contained within DCN)

Technical record:
1. Petition for Benefit Determination
2. Employer's Position Statement
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employer's Response to Employee's Request for Expedited Hearing
6. Employer's Witness List
7. Employer's Motion to Amend Witness List

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order Denying Requested Relief was sent to the following recipients by the following methods of service on this the ___4th___ day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Brenda Nowman, Self-represented | | | X | Browneyegirl813@yahoo.com |
| Stephen Morton, Employer's Counsel | | | X | Stephen.morton@mgclaw.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7